IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA     )
                                     )
         v.                   )         CR 117-035
                                     )
ANTHONY TYRONE ROPER     )
AUDRA ROPER                )
                             _____

**O R D E R**
_____

Counsel have advised the Court that one pretrial motion has been satisfied or otherwise resolved. (See doc. no. 64.) Therefore, the following pending motion is **MOOT**: doc. no. 53. Prior to setting down any of the unresolved motions for a hearing, the Court requires the following additional information.

As to the request to suppress Defendant Audra Roper's statements, (doc. no. 51), the motion does not comply with Local Criminal Rule 12.1 because it does not support all facts alleged with citations to the existing record or supporting affidavits. For example, Defendant cites Jackson v. Denno, 378 U.S. 368 (1964), for the proposition that an involuntary confession may not be used against a defendant. However, she never asserts her statements to agents on December 15, 2015, were involuntary, let alone describe any circumstances of her interview.

Nor does Defendant attest to any circumstances of the interview describing why she felt she was "in custody" such that agents would have been required to provide warnings under Miranda v. Arizona, 384 U.S. 436 (1966), prior to speaking with her. Counsel's generalized reference to "our view" of the circumstances of the interview and what an

examination of these unidentified circumstances might mean to suppressing any statements Defendant made to agents does not satisfy the requirements of Local Criminal Rule 12.1.

The request to suppress Defendant Anthony Roper's statements to agents on December 15, 2015, (doc. no. 52), likewise fails to comply with Rule 12.1 because it does not support all facts alleged with citations to the existing record or supporting affidavits. Without citation to any evidence or affidavit, Defendant claims he was never advised of his rights under <u>Miranda</u> and that improper promises or inducements were made by agents. Defendant has not identified any promises or inducements, improper or otherwise, made by the agents, and he offers no evidentiary support for the contention that agents did not explain Defendant's rights to him prior to commencing the interview.

The Court is not required to hold an evidentiary hearing simply because a motion to suppress is filed. <u>See</u> <u>United States v. Cooper</u>, 203 F.3d 1279, 1285 (11th Cir. 2000). The burden is upon Defendant to allege facts that would, if proven true, entitle her to relief. <u>United States v. Lewis</u>, 40 F.3d 1325, 1332 (1st Cir. 1994). The Court will provide each Defendant until January 24, 2018, to particularize their respective motions to suppress statements in compliance with Local Criminal Rule 12.1. The government shall have until January 31, 2018, to file any supplemental responses.

Upon receipt of the supplemental information, the Court will schedule oral argument and/or evidentiary hearings as necessary on the pending motions.

SO ORDERED this 17th day of January, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA