FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**
20 JUL 27 PM 2: 35
**AUGUSTA DIVISION**

CLERK
SO. DIST. OF GA.

UNITED STATES OF AMERICA      *

     *

      v.                *        CR 117-035

     *

ANTHONY TYRONE ROPER      *

---

**O R D E R**

---

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Anthony Tyrone Roper has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and

compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). The Government has submitted Defendant's medical records indicating that he suffers from hypertension, sleep apnea, dyslipidemia, and prediabetes. (See Gov't Resp. in Opp'n, Doc. No. 217, Ex. B, at 5.) Of these, only hypertension is listed by the CDC as a condition that "might" place a person with COVID-19 "at an increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

precautions/people-with-medical-conditions.html (last visited on July 23, 2020).   However, at this point, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself.   In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted.   He has not done so.

Moreover, even if the Court were to conclude Defendant's medical conditions in conjunction with COVID-19 qualify as extraordinary and compelling circumstances, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to ordering release.   See 18 U.S.C. § 3582(c)(1)(A).   In Defendant's case, these factors weigh against his release.   This Court has already articulated its view of the injurious effect of Defendant's conduct on the community; indeed, the Court has twice denied motions to reduce his sentence, one under U.S.S.G. § 5K1.1 and one under Federal Rule of Criminal Procedure 35.   Because of his plea agreement, Defendant's sentence of five years already falls substantially below what would have been his sentencing guideline range for the charged conduct.   If the Court were to release Defendant early, he would avoid serving well over half of the five-year term, which would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

Upon the foregoing, Defendant Anthony Tyrone Roper's motion for compassionate release (doc. no. 216) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE